IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CODY KING,                                         )
                                                   )
      Plaintiff,                              )
                                                   )     CIVIL ACTION
v.                                                 )
                                                   )     FILE No. _____
CONYERS VILLAGE, LLC,                              )
                                                   )
      Defendant.                             )

## COMPLAINT

COMES NOW, CODY KING, by and through the undersigned counsel, and files this, his Complaint against Defendant CONYERS VILLAGE, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2.    Venue is proper in the federal District Court for the Northern District

of Georgia, Atlanta Division, as the parcel of real property at issue in this case is located in Rockdale County, Georgia, and Defendant maintains its registered agent in Fulton County, Georgia.

## PARTIES

3.      Plaintiff CODY KING (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Conyers, Georgia (Rockdale County).

4.      Plaintiff is a paraplegic and is disabled as defined by the ADA.

5.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6.      Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7.      Defendant CONYERS VILLAGE, LLC (hereinafter "Defendant") is a Georgia limited liability company that transacts business in the State of Georgia and within this judicial district.

8.      Defendant may be properly served with process via its registered agent for service, to wit: Robert C. Crim, Jr., 210 Sandy Springs Place, Atlanta, Georgia 30328.

**FACTUAL ALLEGATIONS**

9.     On multiple occasions, including, but not limited to, March 24, 2021, Plaintiff was a customer at "Blimpie," a business located at 875 Flat Shoals Road, Suite 100, S.E., Conyers, Georgia 30094.

10.     Defendant is the owner or co-owner of the real property and improvements that are the subject of this action. (The contiguous structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

11.     Plaintiff lives approximately seven (7) miles from the Facility and Property.

12.     Plaintiff's access to the businesses located at 875 Flat Shoals Road, S.E., Conyers, Georgia 30094 (Rockdale County Property Appraiser's parcel number 075001034M), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

13.     Plaintiff has visited the Facility and Property at least once before and

intends on revisiting the Facility and Property once the Facility and Property are made accessible.

14.     Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

15.     Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

<u>COUNT I</u>
<u>VIOLATIONS OF THE ADA AND ADAAG</u>

16.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

17.      The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

18.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19.     The Facility is a public accommodation and service establishment.

20.     The Property is a public accommodation and service establishment.

4

21.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

22.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

23.    Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

24.    The Facility must be, but is not, in compliance with the ADA and ADAAG.

25.    The Property must be, but is not, in compliance with the ADA and ADAAG.

26.    Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his

access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27.    Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.    Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29.    Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all

physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

30. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

a. The accessible parking space on the Property most proximate to the "Café Milano" portion of the Facility is not adequately marked, in violation of section 502.1 of the 2010 ADAAG standards.

b. The signage for the accessible parking space on the Property most proximate to the "Café Milano" portion of the Facility is not installed at a permissible height and has deteriorated to the extent that it is not readily visible, in violation of section 502.6 of the 2010 ADAAG standards.

c. The access aisle adjacent to the accessible parking space on the Property most proximate to the "Café Milano" portion of the

Facility has inadequate dimensions, in violation of section 502.3 of the 2010 ADAAG standards.

d.   The access aisle adjacent to the accessible parking space on the Property most proximate to the "Café Milano" portion of the Facility is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

e.   The above-described ramp most proximate to the "Café Milano" portion of the Facility lacks finished edges (or edge protection), in violation of section 405.9 of the 2010 ADAAG standards.

f.   The walking surfaces of the accessible route on the Property between Suite 170 and Suite 190 of the Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

g.   The above-described accessible route between Suite 170 and Suite 190 of the Facility also has a total vertical rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of

section 405.8 of the 2010 ADAAG standards.

h.      The signage for the accessible parking space on the Property most proximate to Suites 165 and 170 of the Facility is not installed at a permissible height, in violation of section 502.6 of the 2010 ADAAG standards.

i.      The triangular access aisle adjacent to the accessible parking space on the Property most proximate to Suites 165 and 170 of the Facility has inadequate dimensions, in violation of section 502.3 of the 2010 ADAAG standards.

j.      The above-described triangular access aisle adjacent to the accessible parking space on the Property most proximate to Suites 165 and 170 of the Facility also has an extreme cross-slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards, and is not level.

k.      The access aisle adjacent to the accessible parking space on the Property most proximate to Suites 165 and 170 of the Facility is also not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

l.     The surface of the above-described ramp most proximate to Suites 165 and 170 of the Facility has an extreme cross-slope greater than 1:48 (one to forty-eight) in violation of section 405.3 of the 2010 ADAAG standards.

m.    The side flares of the above-described ramp most proximate to Suites 165 and 170 of the Facility have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

n.     The walking surfaces of the accessible route on the Property between Suite 140 and Suite 150 of the Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

o.     The above-described accessible route between Suite 140 and Suite 150 of the Facility also has a total vertical rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

p.     The signage for one of the two accessible parking space on the Property most proximate to Suites 140 and 150 of the Facility is

10

not installed at a permissible height, in violation of section 502.6 of the 2010 ADAAG standards.

q.  The access aisle centrally adjacent to the accessible parking spaces on the Property most proximate to Suites 140 and 150 of the Facility has a cross-slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards, and is not level.

r.  The access aisle centrally adjacent to the accessible parking spaces on the Property most proximate to Suites 140 and 150 of the Facility is also not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

s.  The surface of the above-described ramp most proximate to Suites 140 and 150 of the Facility has an extreme cross-slope greater than 1:48 (one to forty-eight) in violation of section 405.3 of the 2010 ADAAG standards.

t.  The side flares of the above-described ramp most proximate to Suites 140 and 150 of the Facility have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG

standards.

31.    Without limitation, the above-described violations of the ADAAG made it more difficult and dangerous for Plaintiff to exit and re-enter his vehicle on the Property, and more difficult and dangerous for Plaintiff to traverse the ramps servicing the Property.

32.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

33.    Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

34.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.     All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

36.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily

achievable because the nature and cost of the modifications are relatively low.

37.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

38.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

39.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

40.     Plaintiff's requested relief serves the public interest.

41.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

42.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

43.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to

grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find Defendant in violation of the ADA and ADAAG;

(b)    That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c)    That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d)    That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e)    That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: April 10, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306

14

Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich